# ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-416

FEBRUARY TERM, 2014

| | | |
|---|---|---|
| Lauren Peterson | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Addison Unit, |
| | } | Family Division |
| Chad Brown | } | |
| | } | DOCKET NO. 143-6-11 Andm |

In the above-entitled cause, the Clerk will enter:

Father has appealed from a family court order, entered on October 16, 2013, denying his motion for reconsideration of a previous order denying his motion to modify a parent-child contact schedule. Father had sought in the motion a more "equal distribution of parent child contact." The record discloses that, on January 15, 2014, while this appeal was pending, the family court issued a subsequent order granting mother's emergency motion to suspend all visitation between father and the child for three months, and simultaneously granted mother's petition for relief from abuse, suspending father's contact with the child until April 16, 2014. Subsequently, on April 14, 2014, the parties entered into a stipulation which became a court order, and which specified that visitation was suspended while father's criminal prosecution remained pending, after "which time the court may resume or modify contact in the best interests of the child on motion of either party."

This Court, in response to these subsequent orders, issued an order directing father's counsel to file a written memorandum to show cause why the instant appeal should not be dismissed as moot. Counsel has not filed a response.

In view of the fact that parent-child contact with father has been suspended, the Court concludes that no decision in this appeal can afford father any meaningful and immediate relief, as any modification of father's parent-child contact must necessarily take account the intervening events and court orders. Moreover, the stipulated order of April 14, 2014 specifically protects father's right to seek modification of parent-child contact once his criminal proceedings have ended. Thus, no right of father will be lost by dismissal of this appeal. Accordingly, the appeal is dismissed as moot. See Chase v. State, 2008 VT 107, ¶ 11, 184 Vt. 430 ("[A]n issue becomes moot if the reviewing court can no longer grant effective relief." (quotation omitted)).

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice